IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA BROWN,

    Plaintiff,

vs.                                      Civil No. 05-568 WJ/RHS
                                                   (consolidated with Civil No. 05-732)

HOBBS MUNICIPAL SCHOOL
DISTRICT, et al.,

    Defendants.

## AMENDED [1]
## MEMORANDUM OPINION AND ORDER ON
## PLAINTIFF'S MOTION FOR RECONSIDERATION
## AND/OR RELIEF FROM JUDGMENT

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Reconsideration and/or Relief from Judgment (Doc. 107). Having reviewed the submissions of the parties and being otherwise fully advised on the law, I conclude the motion is not well taken and will be denied.

**DISCUSSION**

Defendants filed a Motion for Summary Judgment on June 1, 2006 (Doc. 53). A hearing on the motion was held on August 25, 2006, and I ruled from the bench on the motion. On August 28, 2006, I entered an Order (Doc. 103) memorializing and formalizing my rulings in which I set forth five numbered paragraphs. On September 1, 2006, Plaintiff filed the instant

---

[1] This Amended Memorandum Opinion and Order corrects the last paragraph on Page 6 of the original Memorandum Opinion and Order (Doc. 114).

motion seeking reconsideration of the fifth paragraph of my Order in which I granted Defendants' motion with regard to Plaintiff's claims under Section 504 of the Rehabilitation Act and under the Americans with Disabilities Act because Plaintiff failed to meet her burden of showing a disputed issue of material fact with regard to each element of her claims.

Plaintiff argues that this Court should alter or amend its judgment pursuant to Rule 59(e) to correct a clear legal error because the Court applied the wrong legal standard in granting summary judgment. According to Plaintiff, she did not bear any burden of persuasion or production beyond the pleadings when responding to summary judgment because Defendants' motion for summary judgment was not properly supported. It is not quite clear what Plaintiff would find to be a properly supported motion for summary judgment because she agrees that Defendants had no burden of negating the elements of her claims. However, she continues to argue that Defendants bore the initial burden of producing some evidence in the record to support their contention that there is no evidence to support Plaintiff's claims. In support of her argument, she cites to the concurring opinion of Justice White in Celotex Corp. v. Catrett, 477 U.S. 317(1986), the dissenting opinion of Justice Brennan in Celotex, a 1969 case out of the Western District of Virginia and an unpublished decision from the Eastern District of Pennsylvania.

In ruling for Defendants on this issue, I relied on Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The law has been unambiguous for more twenty years since Celotex and Anderson that, when the nonmoving party bears the ultimate burden on a claim, he or she cannot rest on the pleadings in responding to a motion for summary judgment. This has been reaffirmed by the Supreme Court and by the Tenth Circuit. See Lujan v. National Wildlife Federation, 497 U.S. 871, 884-5 (1990); Adler v Wal-

Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). In Adler, the Tenth Circuit emphasized that a movant who will not bear the burden of persuasion at trial need not negate the elements of the nonmovant's claims and "may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." 144 F.3d at 671.

Unlike the majority opinion in Celotex, the opinion in Anderson, and the opinion in Adler, none of opinions cited by Plaintiff are binding on this Court. The opinion from Virginia predates Celotex by more than fifteen years so is not helpful because it might have been decided differently had it been decided under Celotex. The unpublished opinion from Pennsylvania is from 2006 so it might be somewhat persuasive if there was anything to indicate it was on point with this case. The Pennsylvania court states in a footnote that a movant for summary judgment cannot sustain its initial burden merely by denying the allegations in the opponent's pleadings. Gardella v. Prodex Int'l, Inc., No. 06-1821, 2006 WL 2261352 n.1 (Aug. 4, 2006). I do not disagree with this conclusion - a denial of allegations is merely an Answer to a Complaint and will not pass muster as a motion for summary judgment. However, Defendants here did not merely deny Plaintiff's allegations in their motion for summary judgment.

In Defendants' motion for summary judgment, they clearly set forth the required elements of Plaintiff's claims under Section 504 and the ADA and just as clearly argued that there was no evidence to show any discrimination or adverse action. See Memorandum in Support of Defendants' Motion for Partial Summary Judgment (Doc. 54) p. 10. This did more than merely deny the factual allegations in Plaintiff's Complaint. It clearly pointed out to the court a lack of evidence on an essential element of Plaintiff's Section 504 and ADA claims. Accordingly, the burden shifted to Plaintiff to come forward with sufficient evidence to show a disputed issue of

3

material fact with regard to each element of her claims.

In response to the motion for summary judgment, Plaintiff asserted that the sole issue of fact to be determined on her Section 504 and ADA claims was the issue of discrimination. She then stated that Plaintiff had alleged that the Defendants systematically discriminated against M.B. in various ways and that these allegations presented issues of material fact. There is absolutely no basis on which the Court may conclude that Plaintiff raised a disputed issue of material fact by referring to her allegations. The law is clearly to the contrary - Plaintiff may not rest on her allegations in response to the motion for summary judgment.

The Court did not apply the incorrect standard in granting Defendants' motion for summary judgment with regard to Plaintiff's Section 504 and ADA claims. Thus the Court did not commit clear legal error, and Plaintiff is not entitled to have the judgment altered or amended to correct any clear legal error.

Plaintiff urges the Court to grant relief from the judgment even if I concludes that I applied the correct legal standard in granting Defendants' motion for summary judgment on the Section 504 and ADA claims. Plaintiff reasons that, if the Court applied the correct legal standard, then Plaintiff's counsel made an error in responding to the motion. Plaintiff then argues that she should not be penalized for her counsel's error as this would be manifest injustice.

Plaintiff's argument is properly characterized as a Rule 60(b) motion because it seeks relief based on attorney mistake. See Jennings v. Rivers, 394 F.3d 850, 85 (10th Cir. 2005). A district court has discretion to grant relief under Rule 60(b), but such relief is extraordinary and may only be granted in exceptional circumstances. Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000). A district court should grant relief from judgment only when it offends justice to deny such relief. Searles v. Dechant, 393 F.3d 1126, 1131 (10th Cir. 2004).

"The determination whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Jennings, 394 F.3d at 856. The Tenth Circuit has set forth several factors a court may consider in ruling on a Rule 60(b) motion, but most of these factors are relevant only when the allegedly excusable neglect resulted in a missed deadline. See Id. Relevant factors include (1) the danger of prejudice to the opposing party; (2) fault; (3) reason for the neglect including whether it was in the control of the movant; (4) and whether the underlying claims are meritorious. Id.

Litigation mistakes are generally not excusable when they are the result of a deliberate and counseled decision; rather litigation mistakes are those that a party could not have protected against such as counsel acting without authority. Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Carelessness by a litigant or counsel is not grounds for relief under Rule 60(b). Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990). Even a pro se plaintiff who failed to provide the proper support in response to a motion for summary judgment was found not to be entitled to relief from judgment based on excusable neglect. See Williams v. Valencia County Sheriff's Office (VCSO), 33 Fed.Appx. 929, 932 (10th Cir. 2002) (unpublished opinion) (no excusable neglect when pro se plaintiff failed to file a Rule 56(f) affidavit in support of her request for further discovery).[2]

In this case, Plaintiff has failed to show excusable neglect. There would be moderate prejudice to Defendants if the Court granted relief from the judgment as it would require them to relitigate the issue of summary judgment on Plaintiff's Section 504 and ADA claims. This is not the type of mistake that might occur through no fault of anyone in the case such as a delay in

---

[2]The plaintiff in Williams had been specifically informed by the Magistrate that an affidavit was required. In this case, Plaintiff is represented by counsel, and it is assumed that counsel does not need any reminders regarding the requirements of the Federal Rules of Civil Procedure.

filing an appeal because of some family emergency or act of God.  To the extent fault or culpability comes into play, it lies with Plaintiff, and the reason for the mistake was Plaintiff's counsel's erroneous understanding of the law.  With regard to the merits of Plaintiff's claims, I am unable to determine them for purposes of this motion without doing a full-blown analysis of the issues still remaining in this case which would certainly prejudice one of the parties.  This leads to my finding that it will not offend justice to deny Plaintiff's requested relief.  A review of Plaintiff's complaint reveals that her Section 504 and ADA claims rested on the same general allegations as her IDEA claims.  Her IDEA claims are still pending in this action.  Thus, the merits of her allegations will be determined in this case and, depending on the merits of her claim, she will be afforded whatever relief is appropriate under the IDEA.  Thus, relief from the judgment is not necessary to prevent manifest injustice, and this case does not present the exceptional circumstances for which relief from judgment is appropriate.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration and/or Relief from Judgment (Doc. 107) is hereby denied.

_____
UNITED STATES DISTRICT JUDGE